JUDGE BRODERICK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDIO DAREZZO,

**15 CV 3013**

Plaintiff,

Case No.

-against-

**COMPLAINT**

SPREADS PARK SOUTH CORP., HOWARD LIM and
ANNA LIM,

Defendants.

> RECEIVED
> APR 1 7 2015
> U.S.D.C.S.D.N.Y.

      Plaintiff, Claudio Darezzo (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues defendants Spreads Park South Corp. ("Spreads"), and Howard Lim and Anna Lim (each, an "Owner") (the Restaurant and the each Owner being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

      1.     Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Restaurant's (as hereinafter defined) goods and services.

      2.     Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

      3.     Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its place of public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5.     Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.     Plaintiff is and has been at all times material hereto a resident of the State of New York.

7.     Plaintiff unable to ambulate because he suffers from muscular dystrophy and has required a wheelchair to ambulate for more than 15 years. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8.     Spreads is a domestic corporation formed under the laws of the State of New York and it owns and operates a sandwich shop, open to the general public, known locally as Spreads Sandwich Shop ("Restaurant") and is located at the premises known and designated as 441 Park Avenue South, New York, NY. (the "Property"). Upon information and belief, each Owner is an individual and both are the owners of the Property.

2

## STATEMENT OF FACTS

9.     Plaintiff has resided around the corner from the Restaurant for the past several years and passes by the Property frequently. On April 15, 2015 Plaintiff attempted to enter the Restaurant but was unable to do so. Plaintiff enjoys dining out frequently and is often seeking new dining options, but he will only patronize those establishments that are fully accessible to him.

10.     Plaintiff desires to dine at the Restaurant and to enjoy the cuisine and drinks offered there but he has been unable to do so because he has not been able to enter the Restaurant.

11.     When Plaintiff visited the Property, he was able to observe others entering the Restaurant, dining, enjoying dining and drinking but he was not able to partake because, inter alia, the steps at each of the entrances prevented him from entering.

12.     Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. Plaintiff also alleges claims for negligence.

13.     Once the barriers have been removed Plaintiff will return to the Restaurant as it is a very short distance from his residence and he very much desires to dine there.

14.     The services, features, elements and spaces of the Restaurant are not readily accessible to, or usable by Plaintiff as required by the 2010 ADA Standards for Accessible Design (the "2010 Standards").

15.    Upon information and belief, since January 26, 1992, the Restaurant has undergone alterations that affected, or could have affected, the usability of part or the entire Restaurant.

16.    According to the records of the New York City Department of Buildings, there have been alterations to the building, including, but not limited to an application approved on March 7, 2012, the precise scope and nature of which are presently unknown. Upon information and belief, some of the alterations involved renovations which were sufficiently extensive to require Defendants to comply with the requirements of the ADA and regulations implemented thereunder to the maximum extent feasible.

17.    There are various violations of the ADA at the Restaurant, as more fully detailed below (sections listed as violated refer to the 2010 Standards, unless otherwise noted):

a)    206.2.1, requires an accessible route from the public sidewalk to the accessible entrance. The presence of high rises at the entrances to the Restaurant prohibits entry by a person in a wheelchair and is a violation of this requirement.

b)    Due to the steps at each entrance, the Restaurant fails to comply with the requirements of 28 CFR Part 36 §36.403 (a)(e) by not providing an accessible route to the renovated area from the city sidewalk.

c)    403.1 requires changes in level within walking surfaces which are part of an accessible route to comply with 403.4 and 303, which requires change in level over ½ inch to be ramped. The presence of the steps at each entrance to the Restaurant causes it to be in violation of 403.1.

d)      202.3 requires altered elements and spaces to comply with the applicable requirements of Chapter 2, allowing for compliance to the maximum extent feasible where full compliance is technically infeasible.  The Restaurant is in violation of 202.3, 202.4, 206.2.4, 206.2.5, 206.4, 206.4.5, 207.1, 206.5, 206.5.1, 210.1, 213, 226 and 227, because it fails to comply to the maximum extent feasible.

e)      202.4 requires alterations affecting a primary function area to be made to ensure that the path of travel to the altered area is readily accessible and usable to people with disabilities to the maximum extent feasible. No such accessible route is provided from the sidewalk to this altered restaurant, in violation of 202.4.

f)      206.2.4 requires that an accessible route connect the entrance with all spaces and elements within the facility that are connected by a circulation path. The steps at each of the entrance doors cause the Restaurant to be in violation of 206.2.4.

g)      206.2.5 requires the Restaurant provide an accessible route to all dining areas.  No such route is provided to the dining area, in violation of 206.2.5 and Chapter 4.

h)      There is no accessible route consisting of ramps, level walking surfaces, elevator, and/or platform lifts, as required by 402.2 and 206.4.

i)      The stairs within the maneuvering clearance cause the Restaurant to be in violation of 404.1, 404.2.4 and 404.2.4.4.

j)      The steps outside each entrance to the Restaurant cause the Restaurant to provide insufficient level maneuvering clearance in violation of 404 and 206.4.5.

k)      Due to the lack of a level maneuvering clearance inside the entrance door the Restaurant is in violation of 404, 206.5 and 206.5.1.

l)      There is no accessible means of egress in violation of 207.1.

m)      210.1 require stairs which are part of a means of egress to comply with 504.  There are no handrails on the stairs at either entrance, in violation of 504.6, 505 and 210.1.

n)      No railings are provided on the entrance stairs in violation of 504.6.

o)      The lack of handrails causes the Restaurant to be in violation of 505 and 504.6.

p)      There is no signage directing a person from the inaccessible entrance to the nearest inaccessible entrance in violation of 216.6.

Inside the Restaurant, there is a high counter on both sides in front of the windows with three high bar stools at each counter. There is a food service area which extends all the way to the rear of the Restaurant and seating for patrons in the rear. The interior of the Restaurant presents the following violations:

q)      The seating in the Restaurant does not comply with the ADA requirements as to height and toe clearance, in violation of 902, 306.2, 306.2.1, 306.3.1, and 306.3.3.

r)      The Restaurant lacks sufficient accessible seating in violation of 226.1, 226.2 and 902.

s)      The dining surfaces are in violation of 226.1 and 226.2.

t)      305 requires clear floor space, with one full unobstructed side adjoining an accessible route, to be a minimum of 30 inches by 48 inches and positioned for a forward approach.  There is no clear floor space at any dining surface or at any of the elements within the bathrooms, in violation of 305.3, 305.4 and 305.6 and 305.7.

## FIRST CLAIM FOR RELIEF

### (Americans with Disabilities Act)

18.     Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

20.     The Property contains a public accommodation, to wit, the Restaurant. 42 U.S.C. § 12181(7)(B).

21.     Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a.     Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b.     Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Restaurant to individuals with disabilities;

d.     Failing to design and/or construct the Restaurant so that it is readily accessible to and usable by individuals with disabilities;

e.     Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Restaurant are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

f.      Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area(s) are readily accessible to and usable by individuals with disabilities; and/or

g.      Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

22.     Defendants could have removed the illegal barriers at the Restaurant by (i) providing a ramp at one of the entrances, (ii) providing ADA-compliant signage directing patrons with disabilities to the nearest accessible entrance, (iii) lowering one 36-inch wide section of one of the counters to a height of 34 inches or less and (iv) changing 5% of the tables to ADA-compliant tables.

23.     The foregoing suggestions are not meant as exclusive but simply provide a means of remedying the ADA violations present.

24.     However, Defendants have not remedied the existing violations. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Restaurant, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

25.     Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

## SECOND CLAIM FOR RELIEF

(Violation of New York State Executive Law)

26.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

28.     By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

29.     The Defendants have discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

30.     The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

31.     It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

32.     As a direct and proximate result of the Defendants' unlawful discrimination, in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

33.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

## THIRD CLAIM FOR RELIEF

(Violation of the Administrative Code of the City of New York)

34.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     The Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by   directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

36.     The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

37.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130 (emphasis added).

38.    The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. <u>Albunio v. City of New York</u>, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

39.    As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

40.    The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

41.    By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

42.    The Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

43.    By refusing to make the place of public accommodation accessible, the Restaurant has unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible.   The Restaurant's unlawful profits plus interest must be disgorged.

44.    Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

## FOURTH CLAIM FOR RELIEF

### (Violations of New York State Civil Rights Laws)

45.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.     The Defendants have discriminated against Plaintiff pursuant to New York State Executive Law.

47.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

48.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CLAIM FOR RELIEF

### (Common Law Negligence)

49.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 48 in this Complaint as if fully set forth herein.

50.     The Defendants have negligently designed, constructed, repaired, maintained and operated their place of public accommodation located at the Property in a manner that has rendered it inaccessible to the disabled Plaintiff.

51.     At all relevant times, the Defendants had a duty to design, construct, repair, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff.

52.    The Defendants breached their duty by negligently designing, constructing, repairing, maintaining and operating their place of public accommodation in a manner that has rendered it inaccessible to the disabled Plaintiff.

53.    The Defendant's failure to design, construct, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff has proximately caused Plaintiff to be unable to enjoy full and equal access to the Defendants' place public accommodation.

54.    The Defendant had actual and constructive notice that its place of public accommodation is not accessible to the disabled. The inaccessibility of the Defendants' place of public accommodation is visible, open, obvious, and apparent and has existed for a sufficient length of time for the Defendants to discover and remedy this condition.

55.    As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

56.    Plaintiff will continue to experience unlawful discrimination as a result of the Restaurant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Restaurant to alter and modify its place of public accommodation and its policies, practices and procedures.

57.    Injunctive relief is also necessary to make the Restaurant readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the step at one of the entrances.

## DECLARATORY RELIEF

58.    Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

59.    In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.    Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures;

B.    Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C.    Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.      Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.      Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

F.      Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

G.      Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H.      Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I.      Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.


Dated: April 16, 2015

Frederic S. Rosengarten, Esq.
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606